IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01853-CMA-BNB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUALITY TERMINAL SERVICES, LLC, a limited liability company,

        Defendant.

**STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), is concurrently filing its Complaint, which alleges that Defendant Quality Terminal Services, LLC ("QTS") has engaged in violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). The parties have agreed to the entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein and without Defendant admitting the truth of, or liability for, any of the matters alleged in the Complaint. Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Defendant QTS.

2. Venue in this district is proper under 15 U.S.C. § 53(b), and under 28 U.S.C. § 1391(b)-(c), and 1395(a).

3. The Complaint states claims upon which relief may be granted against Defendant under Sections 5(a)(1), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b), and 56(a); and under Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a).

4. Defendant makes no admission to the allegations in the Complaint, other than the jurisdictional facts.

5. Defendant waives: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim Defendant may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.

6. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Fair Credit Reporting Act" or "FCRA" refers to 15 U.S.C. §§ 1681-1681x, as amended.

2. "Adverse action," "consumer," "consumer report," "consumer reporting agency," and "employment purposes" mean the terms as defined in Section 603 of the FCRA, 15 U.S.C.§ 1681a, as amended.

3.  Unless otherwise specified, "Defendant" means Quality Terminal Services, LLC, and its successors and assigns.

4.  "Commerce" means as defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

## ORDER

### I. CIVIL PENALTY

**IT IS ORDERED** that Defendant shall pay to Plaintiff a civil penalty, pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), in the amount of Fifty-Three Thousand Dollars ($53,000.00) as follows:

A.  Defendant shall make the payment required by Paragraph I within ten (10) business days of the date of entry of this Order by electronic fund transfer or cashier's check in accordance with the instructions provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition;

B.  In the event of any default in payment, which default continues for ten (10) business days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable;

C.  This judgment represents a civil penalty owed to the United States Government and is not compensation for actual pecuniary loss, and, therefore, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7). Defendant agrees that the facts as alleged in the complaint filed in this action shall

be taken as true, without further proof, in any subsequent litigation filed by or on behalf of the Commission to collect any unpaid amount or otherwise enforce its rights pursuant to this Order.

D. Proceedings initiated under this Part are in addition to, and not in lieu of, any other civil or criminal penalties that may be provided by law, including any other proceedings Plaintiff may initiate to enforce this Order.

E. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant and all other persons or entities within the scope of Fed. R. Civ. P. 65, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from the following:

A. When using a consumer report for employment purposes, failing to provide a consumer to whom the consumer report relates, before taking adverse action against the consumer based in whole or in part on information contained in the consumer report, (1) a copy of the consumer report, and (2) a description in writing of the consumer's rights under the FCRA, as required by Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3);

B.  After taking adverse action against a consumer based in whole or in part on information contained in a consumer report, failing to provide to the consumer: (1) notice of the adverse action taken; (2) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) from which the consumer report was obtained; (3) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and (4) notice of the consumer's right (A) to obtain, under Section 612 of the FCRA, 15 U.S.C. § 1681j, within 60 days after receiving notice of the adverse action, a free copy of the consumer report from the consumer reporting agency from which the report was obtained, and (B) to dispute, under Section 611 of the FCRA, 15 U.S.C. § 1681i, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency, as required by Section 615(a) of the FCRA, 15 U.S.C. § 1681m(a); and

C.  Failing otherwise to comply with Sections 604 and 615 of the FCRA, 15 U.S.C. §§ 1681b and 1681m, as they may be amended from time to time.

### III. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2. posing as consumer to Defendant, its employees, or another other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)) or to any violation of the FCRA.

## IV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

   A. For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in structure of Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

   B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

   1. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

        2.      Any other changes required to be reported under Subsection A of this Section.

C.    Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, DC 20580
> RE: FTC v. Quality Terminal Services LLC

Provided, that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant. *Provided, however*, nothing in this provision shall limit the Commission's authority to pose as a consumer or supplier pursuant to Subsection B.2 of the Section titled "Compliance Monitoring."

## V. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that:

A. For a period of eight (8) years from the date of entry of this Order, Defendant and its agents, employees, officers, corporations, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and/or retain the following records:

1. Files containing the names, addresses, telephone numbers, all disclosures and authorizations made pursuant to Section 604(b)(2) of the FCRA, and all materials provided to consumers by Defendant in connection with its compliance with Sections 604(b)(3) and 615(a) of the FCRA.

2. Consumer complaints (whether received in written or electronic form, directly, indirectly, or through any third party), and any responses to those complaints, whether in written or electronic form, that relate to Defendant's activities as alleged in the Complaint and Defendant's compliance with the provisions of this Order.

3. Copies of all training materials that relate to Defendant's activities as alleged in the Complaint and Defendant's compliance with the provisions of this Order.

4. Copies of all subpoenas and other communications with law enforcement entities or personnel, whether in written or electronic form, if such documents bear in any respect on Defendant's use of consumer reports for employment purposes.

5. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by the Sections titled "Distribution of Order" and "Acknowledgement of Receipt of Order" and all reports sumitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VI. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of service of this Order, Defendant shall deliver copies of this Order as directed below:

A. Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

### VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

### IX. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this action.

**IT IS SO ORDERED:**

Dated this 10th day of August, 2009

_____
UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, hereby consent to the terms and conditions of the stipulated Order as set forth above and consent to the entry thereof. Defendant waives any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

FOR THE UNITED STATES OF AMERICA:

TONY WEST
Assistant Attorney General
Civil Division

DAVID M. GAOUETTE
Acting United States Attorney
District of Colorado

*s/ Lisa A. Christian*
LISA A.CHRISTIAN
Assistant United States Attorney
District of Colorado
1225 Seventeenth Street, Suite700
Denver, CO 80202
303-454-0100


EUGENE M. THIROLF
Director

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

*s Alan Phelps*
ALAN PHELPS
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
202-307-6154
Alan.Phelps@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

*s/ Jessica Rich*
JESSICA RICH
Acting Associate Director
Division of Privacy and Identity Protection

*s/ Rebecca E. Kuehn*
REBECCA E. KUEHN
Assistant Director
Division of Privacy and Identity Protection

*s/ Sandra McCarthy*
SANDRA MCCARTHY
Attorney

*s/ Molly Crawford*
MOLLY CRAWFORD
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
Washington, D.C. 20580
Tel:   (202) 326-2252
Fax   (202) 326-3768

FOR THE DEFENDANT:

*s/ Thomas G. Mandula*
THOMAS G. MANDULA, Manager
Quality Terminal Services, LLC


*s/ Gary J. Benson*
GARY J. BENSON
Dworkin, Chambers, Williams, York, Benson & Evans, P.C.
3900 East Mexico Avenue
Suite 1300
Denver, Colorado 80210
Tel.: (303) 584-0990
Fax: (303) 584-0995
Attorney for Defendant

## REASONS FOR SETTLEMENT

This statement accompanies the final order executed by defendant Quality Terminal Services, LLC. The final order enjoins Quality Terminal Services, LLC from violating Sections 604 and 615 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b and 1681m. The final order requires that entry of a judgment in the amount of fifty-three thousand dollars ($53,000) as a civil penalty be entered against defendant.

Pursuant to Section 5(m)(3) of the Federal Trade Commission Act ("FTC Act"), as amended, 15 U.S.C. § 45(m)(3), the Commission hereby sets forth its reasons for settlement by entry of a Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("final order"):

On the basis of the allegations contained in the complaint, and the statutory factors in the FCRA and the FTC Act, the Commission believes that the civil penalty judgment of $53,000 constitutes an appropriate amount on which to base the settlement, and that the provision enjoining defendants from violating Sections 604 and 615 of the FCRA should assure defendant's future compliance with the law. With the entry of the final order, the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by entry of the attached final order is justified and well within the public interest.